UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHERYL F. GAGLIANO, *Individually and as Fiduciary of the Estate of* RAYMOND B. GAGLIANO, *Deceased*

                Plaintiff,

  -against-

UNITED STATES OF AMERICA,

                Defendant.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
24-CV-07930 (SJB) (JMW)

**A P P E A R A N C E S:**

    **Robert Austrian, I, Esq.**
    Schatz Steinberg & Klayman
    1500 John F. Kennedy Boulevard, Suite 1300
    Philadelphia, PA 19102

      -and-

    **Brewster S. Rawls, Esq.**
    **Glen Howard Sturtevant Jr., Esq.**
    **Melissa D. Kouri, Esq.**
    Rawls Law Group, P.C.
    211 Rocketts Way, Suite 100
    Richmond, VA 23231
    *Attorneys for Plaintiff*

    **Thomas Russell Price, Esq.**
    Assistant U.S. Attorney
    DOJ-USAO
    610 Federal Plaza
    Central Islip, NY 11722
    *Attorney for Defendant*

**WICKS,** Magistrate Judge:

    Before the Court is a joint application for a stay of discovery pending a decision on

Defendant United States of America's ("Defendant") anticipated motion to dismiss the

Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 18.) Though both parties seek a stay, the Court undertakes a review to determine whether a stay is warranted in light of Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." For the reasons set forth below, the Court concludes a stay is warranted under the circumstances and therefore the motion (ECF No. 18) is **GRANTED**. Discovery is therefore stayed pending resolution of the motion to dismiss before the Hon. Sanket J. Bulsara.

## BACKGROUND

Plaintiff Cheryl F. Gagliano ("Plaintiff") commenced the underlying action on November 14, 2024 on behalf of herself and as fiduciary of her husband's estate asserting claims for medical malpractice and wrongful death under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), alleging that Defendant deviated from the applicable standards of medical care while treating her husband, and that during his time under their care he suffered severe injuries that ultimately led to his untimely death. (*See generally* ECF No. 1.) Plaintiff contends that Northport VA Medical Center, a facility owned and operated by Defendant, "did not provide the level of care [Plaintiff's husband] required for his medical condition" which included, *inter alia*, dementia, hypertension, diabetes, osteoarthritis, and risk of stroke. (*Id.* at ¶¶ 8, 13, 16.)

Indeed, Plaintiff argues that "[a]mong other failures, healthcare providers at the Northport VAMC failed to provide the consistent monitoring and supportive care required by [Plaintiff's husband's] vulnerable condition throughout his stay." (*Id.* at ¶ 20.) Consequently, Plaintiff avers her husband suffered injuries like bedsores, pressure ulcers, bruising around his body, and contusions while a patient. (*Id.* at ¶ 16.) On November 30, 2021, Plaintiff's husband died while at Long Island State Veterans Home. (*Id.* at ¶¶ 43, 47.) Plaintiff alleges that based on

2

the negligent supervision by those working at Northport VA Medical Center, her husband would not have endured or suffered the injuries he did. (*Id.* at ¶¶ 48-49.)

Following her husband's demise, Plaintiff filed an administrative tort claim with the Department of Veterans Affairs, as required under 28 U.S.C. § 2675(a)[1], on January 26, 2023. (*Id.* at ¶ 2.) Her claim was denied on September 26, 2023. (*Id.* at ¶ 3.) Shortly thereafter, on October 27, 2023, Plaintiff submitted a request for reconsideration of her claim which was denied on May 17, 2024. (*Id.* at ¶¶ 4-5.) Following this denial, and pursuant to 28 U.S.C. § 2675(a), Plaintiff avers her claim is "ripe to be litigated in this Court." (*Id.* at ¶ 6.)

Plaintiff commenced this action on November 14, 2024 and Defendant immediately requested a pre-motion conference[2] in anticipation of filing its motion to dismiss the action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on grounds that Plaintiff's claim was untimely and that equitable tolling does not excuse her late filing. (*See* ECF No. 13.) The parties now jointly request a stay of discovery. (*See* ECF No. 18.)

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 U.S. Dist.

---

[1] 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[2] Plaintiff opposes this request. (*See* ECF No. 16.)

3

LEXIS 95798, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 U.S. Dist. LEXIS 93434, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). The Court considers each factor in turn.

    **A. Whether Defendant Has Made a Strong Showing That Plaintiff's Claim is Unmeritorious**

In considering whether Defendant has made a strong showing that Plaintiff's claim is unmeritorious, the Court reviews the parties' arguments gleaned from the pre-motion letters only.[3]

Defendant contends that Plaintiff's claim is untimely. (*See* ECF No. 18 at p. 2; *see also* ECF No. 13 at p. 2.) In support, Defendant points to 28 U.S.C. § 2401(b) whereby "[a] tort claim against the United States shall forever be barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which is was

---

[3] A briefing schedule on the motion to dismiss was set by Judge Bulsara with the motion itself to be bundle-filed on May 30, 2025. (*See* Electronic Order dated April 4, 2025). The analysis here as to whether the Defendant has made a strong showing that Plaintiff's claim is unmeritorious is in no way to be construed as a pre-judgment of the arguments to be made in the motion to dismiss before Judge Bulsara. Rather, the analysis done here is only to determine whether a stay of discovery is warranted.

presented." Additionally, Defendant argues that 28 C.F.R. § 14.9, a regulation promulgated by the U.S. Department of Justice, tolls the § 2401(b) six-month limitation period for "the earlier of six months from the date that the reconsideration request is filed, or six-months from the date that the agency issues a decision on the reconsideration request." (ECF No. 13 at p. 2.) As such, Defendant contends that Plaintiff was required to have filed her Complaint on October 26, 2024—six months after the Department of Veterans Affairs was required to render its decision on reconsideration by. (*Id.*) Furthermore, according to Defendant, equitable tolling is inapplicable as Plaintiff failed to prove there were "extraordinary circumstances" justifying her untimely Complaint. (*See id.* at p. 4.)

Conversely, Plaintiff alleges her Complaint was timely filed, pointing to how the denial letter from the Department of Veterans Affairs advised Plaintiff that her suit must be filed within six months of the denial, a principle she claims is also echoed in case law within this Circuit. (*See* ECF No. 18 at p. 2; *see also* ECF No. 16 at pp. 1-2.) Moreover, Plaintiff contends "this is a suitable case for the application of equitable tolling" and "[i]t would be manifestly unfair for the widow of a veteran to be penalized by the dismissal of her case." (ECF No. 16 at p. 3.)

Here, it appears that Defendant has made the requisite strong showing that Plaintiff's claim is unmeritorious as untimely. Pursuant to § 14.9(b), a claimant timely files a written request for reconsideration when he or she does so within six months after being notified of the denial. Plaintiff received notification from the Department of Veterans Affairs on September 26, 2023 that her initial claim was denied. (ECF No. 1 at ¶ 3.) She filed her request for reconsideration one month later on October 27, 2023. (*Id.* at ¶ 4.) Plaintiff, therefore, timely filed her request for reconsideration because she did so within six months of being notified of the denial. Notably, however, "[a] timely filing of a request for reconsideration extends the time to

5

file suit such that the six-month period to file begins to run 6 months after the filing of [the] request for reconsideration." *Palmer-Williams*, No. 14-cv-09260, 2016 WL 676465, at *6 (S.D.N.Y. Feb. 18, 2016) (internal quotations omitted) (citing § 14.9(b) ("[T]he claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for consideration.")); *see also Metropolitan Property & Cas. Ins. Co. v. U.S.*, No. CV-90-3435, 1991 WL 37082, at *2 (E.D.N.Y. Mar. 12, 1991) (noting the effect of filing a request for reconsideration within six months of the denial "is to extend the time in which the claimant may file suit for six months from the date the request is filed."). Six months after October 27, 2023—the date of Plaintiff's request for reconsideration—is April 27, 2024. Accordingly, the six-month window to commence an action in court began on April 28, 2024, effectively requiring Plaintiff to have filed her Complaint on or before October 28, 2024 . *See Palmer-Williams*, 2016 WL 676465, at *6. This she did not do, rather she filed her Complaint on November 14, 2024.  (*See* ECF No. 1.) As such, at this juncture, it appears Plaintiff's Complaint was not timely filed.

      Moreover, it appears Plaintiff cannot avail herself of the benefit of equitable tolling. To determine whether equitable tolling applies, a court must consider whether the purported plaintiff (1) "has acted with reasonable diligence during the time period she seeks to have tolled" and (2) "has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003) (internal quotation marks omitted). Equitable tolling "is considered a drastic remedy applicable only in 'rare and exceptional circumstance[s]." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Here, it seems Plaintiff neglects to establish any extraordinary circumstances or demonstrate she acted with reasonable diligence during the time in which she seeks to have tolled. Without more, the extreme remedy

of equitable tolling simply does not apply. *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 111 (N.D.N.Y. 2023) (determining plaintiff failed to establish his entitlement to equitable tolling where, from the face of the complaint and other documents, he never demonstrated any exceptional circumstances or explained what prevented him from commencing the lawsuit before he actually filed it).

### B. Breadth of Discovery and Corresponding Burdens

The potential scope of discovery weighs in favor of granting a stay of discovery. Plaintiff's cause of action is for medical malpractice. (*See* ECF No. 1 at p. 9.) She asserts, *inter alia*, that her husband sustained "numerous injuries as an inpatient at [the Department of Veterans Affairs] Northport VAMC [Veterans Affairs Medical Center]" and these injuries were a "direct and proximate result of the negligent care" provided to him. (*See* ECF No. 1 at ¶¶ 16, 48.) Importantly, in medical malpractice and negligent medical supervision cases, the breadth of discovery has the potential of being burdensome as these cases ordinarily require extensive document demands, numerous depositions, and the production of multiple experts, their corresponding reports, and testimony. *See Sitts v. United States*, 811 F.2d 736, 740 (2d Cir. 1987) ("[I]n the view of the New York courts, the medical malpractice case in which no expert medical testimony is required is 'rare.'") (citing *Charlton v. Montefiore Hospital*, 256 N.Y.S.2d at 222). A stay, therefore, would act to preserve the parties' time and financial resources associated with engaging in discovery.

Furthermore, where, like here, the sole defendant seeks to dismiss the entirety of the complaint, a stay is appropriate. *See Mineo v. Town of Hempstead*, No. 22-CV-04092 (JMA) (JMW), 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023) (noting, where defendants' motion to dismiss sought to "dismiss of the entire complaint," that it would be "most prudent" to avoid the

costly expenses of discovery conducted in the interim before the motion is decided). Therefore, the potential reach of discovery, and the corresponding burden that would be placed upon the parties, tend to counsel in favor of granting the stay "because the parties could not only avoid substantial hardship, but also prevent a waste of precious resources . . . pending the outcome of the motion to dismiss." *Alloway v. Bowlero*, No. 24-CV-04738 (JS)(JMW), 2024 WL 4827752, at *6 (E.D.N.Y. Nov. 18, 2024); *see Romain v. Webster Bank N.A.*, No. 23-cv-05956 (NRM) (JMW), 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("[D]iscovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety by Judge Morrison as requested."); *see also Fiordirosa v. Publishers Clearing House, Inc.*, No. 21-CV-6682 (PKC)(JMW), 2022 WL 3912991, at *3 (E.D.N.Y. Aug. 31, 2022) (granting a stay where "any prejudice to Plaintiffs would be short-lived in that once the Court rules on [the] motion to dismiss, discovery will either move forward, or will no longer be necessary as the ruling on the motion may reduce, if not eliminate, Plaintiffs' claims."). Accordingly, the breadth and corresponding burdens of discovery justify granting the stay.

      C. **Risk of Unfair Prejudice to
         Party Opposing the Stay if Granted**

There exists little to no prejudice if a stay is granted. The case is still in its nascent stages as an Initial Conference has not been held and a discovery schedule has not been implemented. *See Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-cv-08959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (granting a stay where the case was "still in its early stages" considering a discovery schedule had not been entered and discovery had not begun). Additionally, Judge Bulsara already set a briefing schedule on Defendant's anticipated motion to dismiss. (*See* Electronic Order dated April 4, 2025). A stay, therefore, would be for only a limited period of time. *See Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, No. 09

CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (imposing a stay during the pendency of a motion to dismiss where briefing on the motion would be completed within one month and a stay would therefore delay commencement of discovery "for only a few months"). Moreover, this is a joint application thereby demonstrating *both* parties have expressed a desire to enter into a stay. *See Concern for Indep. Living, Inc. v. Town of Southampton, New York*, No. 24-cv-07101 (RPK) (JMW), 2025 WL 327983, at *4 (E.D.N.Y. Jan. 29, 2025) (finding little to no prejudice if discovery were stayed where "Plaintiff has consented to a stay").

Accordingly, weighing all the relevant factors, the Court finds that a stay of discovery is warranted under the circumstances.

## CONCLUSION

Based on the foregoing, good cause exists warranting the issuance of a stay of discovery pending the outcome of Defendant's motion to dismiss. Therefore, the motion to stay (ECF No. 18) is **GRANTED** and discovery in this action is stayed pending resolution of Defendant's motion to dismiss. In the event that the motion to dismiss is denied, the parties are directed to file a proposed discovery schedule within ten days of the posting of the Court's order on the motion.

Dated:       Central Islip, New York
             April 14, 2025

                                            **SO ORDERED**:

                                      /S/ *James M. Wicks*
                                        JAMES M. WICKS
                                    United States Magistrate Judge