UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHERYL F. GAGLIANO,
*Individually and as Fiduciary of the Estate of*
*Raymond B. Gagliano, Deceased*

                           Plaintiff,

                v.

UNITED STATES OF AMERICA,

                          Defendant.
-----------------------------------------------------------------X

                    **MEMORANDUM**
                    **AND ORDER**
                    24-CV-7930-SJB-JMW

**BULSARA, United States District Judge:**

       The Government seeks partial reconsideration of this Court's decision denying its motion to dismiss Cheryl F. Gagliano's complaint. (Def.'s Mem. in Supp. of Mot. for Partial Recons. ("Def.'s Mot."), Dkt. No. 38-1). For the reasons below, the motion is denied.

       Reconsideration is "an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). It "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *United States ex rel. Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (quotation omitted). As such, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Though the Government contends its motion fits within these exacting standards, it is nothing more than an attempt to relitigate the issues and make new arguments after having its case-dismissal motion denied.

The Government argues that Gagliano failed to establish an entitlement to equitable tolling because 1) in the Second Circuit, equitable tolling is only available where a plaintiff is unaware of their cause of action, (Def.'s Mot. at 5 (citing *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 60 (2d Cir. 1986)); and furthermore, in granting tolling relief, 2) this Court improperly applied a "fairness" standard, (*id.* at 5–6). Neither argument warrants reconsideration, nor does either have any merit.

As to the first point, the Government could have cited *Dillman* in its motion to dismiss briefing but did not. New arguments—including new case authority—preclude reconsideration. *E.g.*, *In re Kadoch*, 662 F. App'x 26, 29 (2d Cir. 2016) (affirming denial of reconsideration where the issues "could have been or should have been raised in the original motion"). But in any event, the Government misconstrues *Dillman*: it does not limit tolling only to those circumstances where the plaintiff is ignorant about her claim. *See Dillman*, 784 F.2d at 61–62 ("Appellant failed to present any evidence that he was unaware of his rights *or that appellee misled him* about his ADEA cause of action. Such evidence is necessary before a court may equitably toll the EEOC filing deadline." (emphasis added)). Indeed, the Second Circuit has approved of tolling in circumstances, including those involving misleading conduct, where plaintiffs were well aware of their claims before a statute of limitations lapsed. *E.g.*, *Torres v. Barnhart*,

2

417 F.3d 276, 279–80 (2d Cir. 2005) (finding that tolling may be appropriate where a diligent litigant was misled, even unintentionally, by counsel whom he believed had filed his complaint).  In fact, that was the premise of the Court's original decision: the Government misled Gagliano, causing her to file her lawsuit after the limitations period expired.  *Gagliano v. United States*, -- F. Supp. 3d --, No. 24-CV-7930, 2025 WL 3019152, at *4–*5 (E.D.N.Y. Oct. 29, 2025) [hereinafter *Gagliano I*].

      Second, the Government's complaint that the Court's opinion was based on "fairness" is mere carping after having lost its motion; such disagreement cannot give rise to reconsideration.  It also happens to be wrong.  The Court's limited references to "fairness," *Gagliano I*, 2025 WL 3019152, at *3–*4, were not conjured, but direct citations to binding Second Circuit precedent.  *See Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) ("[W]e have recognized that [equitable tolling] is sometimes necessary as a matter of fairness." (quotations omitted)); *Schwebel v. Crandall*, 967 F.3d 96, 107 (2d Cir. 2020) ("[B]asic notions of fairness must preclude the [g]overnment from taking advantage of [its error], and . . . a contrary result would work a serious and manifest injustice." (quotations omitted)).  But nothing demonstrates the frivolous nature of the Government's position more than the very case it cites in its reconsideration motion, (Def.'s Mot. at 5)—*Saint-Jean v. Emigrant Mortgage Co.*—which explains that fairness is decidedly part of the equitable tolling inquiry.  129 F.4th 124, 143 (2d Cir. 2025) ("*The core inquiry of our equitable tolling analysis is whether there is unfairness to a plaintiff* who is not at fault such that a district court may exercise its discretion and equitable power to toll the statute of limitations.  While the dissent

3

criticizes our decision as creating a fairness-based tolling rule, *equitable tolling has always been based on principles of fairness and equity*." (emphasis added; quotations omitted)), *cert. denied*, No. 25-229, 2026 WL 79895 (Jan. 12, 2026).

As a final note, the Government invokes the party presentation rule to contend that the Court cannot cite cases that the parties themselves did not cite in their briefs—or its doing so is a basis for granting reconsideration. (Def.'s Mot. at 1; Def.'s Reply dated Dec. 30, 2025, Dkt. No. 40 at 3–4). The Government has, unfortunately, failed to grasp the import of the doctrine. The party presentation principle applies to *arguments* or *issues*, not cases. *See United States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022) ("The party-presentation rule reflects the principle that courts normally decide only questions presented by the parties[.]" (quotations omitted)). Plaintiff sought refuge under the equitable tolling doctrine. The Court was free to cite to the appropriate authorities for such arguments, even if the parties failed to raise them. "When an issue or claim is properly before the court, the court . . . retains the independent power to identify and apply the proper construction of governing law." *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 356 n.24 (2d Cir. 2021) (quoting *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)). The motion for reconsideration is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: January 20, 2026
Central Islip, New York

4